UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

**DOCKETING STATEMENT**

| Appeal Number | 25-9523 |
|---|---|
| Case Name | Frontier Airlines, Inc. v. Department of Homeland Security |
| Party or Parties Filing Notice of Appeal Or Petition | Frontier Airlines, Inc. |
| Appellee(s) or Respondent(s) | Department of Homeland Security |
| List all prior or related appeals in this court with appropriate citation(s). | None |

**I.     JURISDICTION OVER APPEAL OR PETITION FOR REVIEW**

   **A.     APPEAL FROM DISTRICT COURT**

   **1.**   Date final judgment or order to be reviewed was **entered** on the district court docket: _____

   **2.**   Date notice of appeal was **filed**: _____

   **3.**   State the time limit for filing the notice of appeal (cite the specific provision of Fed. R. App. P. 4 or other statutory authority): _____

      **a.**   Was the United States or an officer or an agency of the United States a party below? _____

      **b.**   Was a motion filed for an extension of time to file the

      notice of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing the notice of appeal:_____

_____

**4.** Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

    **a.** Give the filing date of any motion that tolls the time to appeal pursuant to Fed. R. App. P. 4(a)(4)(A) or 4(b)(3)(A):

    _____

    **b.** Has an order been entered by the district court disposing of any such motion, and, if so, when?

    _____

**5.** Is the order or judgment final (i.e. does it dispose of **all** claims by and against **all** parties)? *See* 28 U.S.C. § 1291. _____

_____

**(If your answer to Question 5 is no, please answer the following questions in this section.)**

    **a.** If not, did the district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done?

    _____

    **b.** If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. ' 1292(a)? _____

    _____

    **c.** If none of the above applies, what is the **specific** legal authority for determining that the judgment or order is appealable? _____

**6.** Cross Appeals.

    **a.** If this is a cross appeal, what relief do you seek beyond preserving the judgment below? *See United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951,

958 (10th Cir. 2011) (addressing jurisdictional validity of conditional cross appeals).

  **b.** If you do not seek relief beyond an alternative basis for affirmance, what is the jurisdictional basis for your appeal? *See Breakthrough Mgt. Group, Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1196-98 and n.18 (10th Cir. 2010) (discussing protective or conditional cross appeals). _____

**B.** **REVIEW OF AGENCY ORDER** (To be completed only in connection with petitions for review or applications for enforcement filed directly with the court of appeals.)

 **1.** Date of the order to be reviewed: <u>     December 16, 2024     </u>

 **2.** Date petition for review was filed: <u>February 12, 2025     </u>

 **3.** Specify the statute or other authority granting the Tenth Circuit Court of Appeals jurisdiction to review the order: <u>49 U.S.C. § 46110(a)</u>

 **4.** Specify the time limit for filing the petition (cite specific statutory section or other authority):   <u>60 Days.  *See* 49 U.S.C. § 46110(a).</u>

**C.** **APPEAL OF TAX COURT DECISION**

 **1.** Date of entry of decision appealed:_____

 **2.** Date notice of appeal was filed:_____
(If notice was filed by mail, attach proof of postmark.)

 **3.** State the time limit for filing notice of appeal (cite specific statutory section or other authority): _____

 **4.** Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? *See* Fed. R. App. P.  13(a)_____

3

**II.   ADDITIONAL INFORMATION IN CRIMINAL APPEALS.**

    **A.**   Does this appeal involve review under 18 U.S.C. § 3742(a) or (b) of the sentence imposed? _____

    **B.**   If the answer to A (immediately above) is yes, does the defendant also challenge the judgment of conviction? _____

    **C.**   Describe the sentence imposed. _____

    **D.**   Was the sentence imposed after a plea of guilty? _____

    **E.**   If the answer to D (immediately above) is yes, did the plea agreement include a waiver of appeal and/or collateral challenges? _____

    **F.**   Is the defendant on probation or at liberty pending appeal? _____

    **G.**   If the defendant is incarcerated, what is the anticipated release date if the judgment of conviction is fully executed? _____

    **NOTE**:   In the event expedited review is requested and a motion to that effect is filed, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered by completing and delivering the transcript order form to the Clerk of the district court with a copy filed in the court of appeals.

III.  **GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE UNDERLYING CASE AND RESULT BELOW**.

This case involves a liability assessment imposed by Respondent Transportation Security Administration ("TSA") against Petitioner Frontier Airlines, Inc. ("Frontier") in connection with the September 11th Security Service Fee (the "Fee") imposed under 49 U.S.C. § 44940.  In general, airlines collect Fees from passengers and remit Fees to TSA.  The Fee is a user fee meant to compensate TSA for certain "costs of providing civil aviation security services." *Id.* § 44940(a)(1).  The Fee applies to "passengers . . . in air transportation . . . originating at airports in the United States." *Id.*  The Fee is limited to $5.60 per one-way trip and $11.20 per round trip. *Id.* § 44940(c)(1).  TSA's liability assessment is based solely on instances where customers cancelled their tickets and never flew on the flight.  In such instances, TSA concedes that no Fee is due but takes the position that if an airline does not refund the Fee to the ticket purchaser, TSA is entitled to the Fee even though no passenger travelled on a plane.  When customers cancelled certain Frontier tickets, Frontier imposed a contractual cancellation fee and issued any remaining value as flight credit that the customers could use to purchase future flights.  TSA appears to concede that a utilized flight credit counts as a refund and imposed no liability against Frontier in such cases.  But if the customer did not use the flight credit or if no flight credit was issued because the cancellation fee equaled or exceeded the value of the ticket, TSA contends there was no refund and that TSA is entitled to a Fee even though no one travelled.  After an administrative review by TSA, TSA upheld the liability assessment and ordered Frontier to pay the amount in dispute, which Frontier did.

IV.  **IDENTIFY TO THE BEST OF YOUR ABILITY AT THIS STAGE OF THE PROCEEDINGS, THE ISSUES TO BE RAISED IN THIS APPEAL. You must attempt to identify the issues even if you were not counsel below.** *See* **10th Cir. R. 3.4(B).**

There are two main issues in this case.  The first is whether TSA can be entitled to a Fee when no passenger travels on a plane.  The second is what qualifies as a "refund," including whether the issuance of flight credit that later expires unused and the application of credit to offset a cancellation fee qualify as refunds.

**V.   ATTORNEY FILING DOCKETING STATEMENT:**

Name: Adam P. Feinberg          Telephone: (202) 626-6087

Firm: Miller & Chevalier Chartered

Email Address:    afeinberg@milchev.com

Address:    900 16th Street, NW, Black Lives Matter Plaza

Washington, D.C. 20006

  */s/ Adam P. Feinberg*               2/26/2025
Signature                                            Date

# CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2025, I electronically filed the foregoing **Docketing Statement** with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Weili J. Shaw
  *Counsel of Record*
Daniel Tenny
U.S. Dep't of Justice
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530
weili.j.shaw@usdoj.gov
daniel.tenny@usdoj.gov

*Counsel for Respondent Department of Homeland Security*

   */s/ Adam P. Feinberg*
Adam P. Feinberg
MILLER & CHEVALIER CHARTERED
900 Sixteenth St. NW
Black Lives Matter Plaza
Washington, DC 20006
Tel. (202) 626-5800
Fax. (202) 626-5801
afeinberg@milchev.com